UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY MARVIN SANTOS,<br><br>Plaintiff,<br><br>v.<br><br>CDCR, et al.,<br><br>Defendants. | No. 2:17-cv-2287 KJM AC P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. See ECF Nos. 1, 2, 10. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

I.    IN FORMA PAUPERIS APPLICATIONS

On October 17, 2017, plaintiff filed a motion to proceed in forma pauperis. ECF No. 2. The application, however, did not include all the information required by statute. See id.; see also 28 U.S.C. § 1915. Shortly thereafter, the matter was transferred to this division of the Eastern District. See ECF No. 3.

On January 29, 2018, plaintiff submitted a second application to proceed in forma pauperis that makes the showing required by 28 U.S.C. § 1915(a). See ECF No. 10. Accordingly, the renewed request will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## II. PROCEDURAL POSTURE

This case was transferred to the Sacramento Division of this court shortly after its commencement. ECF No. 3. Plaintiff thereafter filed a First Amended Complaint. ECF No. 9. He then proceeded to file a motion for preliminary injunctive relief (ECF No. 11), a motion to amend the First Amended Complaint (ECF No. 12), and a motion to withdraw a cause of action (ECF No. 13). While these matters were pending, plaintiff filed four more motions for preliminary injunction (ECF Nos. 16, 19, 23, 24), and three more amended complaints (ECF Nos. 15, 17, 22).

In general, a plaintiff may amend his pleading only once without leave of court. See Rule 15, Fed. R. Civ. Proc. However, because none of the prior complaints had yet been screened or served, the court will respect plaintiff's apparent intention to rely on his Fourth Amended Complaint, ECF No. 22. Leave to file is granted nunc pro tunc, and all prior complaints are therefore superseded. See Lacey v. Maricopa County., 693 F.3d 896, 925 (9th Cir. 2012) (amended complaint supersedes original complaint). The outstanding motion to amend the First Amended Complaint, ECF No, 12, will be denied as moot.

Accordingly, the court now proceeds to screen the Fourth Amended Complaint.

////

////

////

III.     SCREENING

    A. <u>Standards for Screening of Prisoner Complaint Pursuant to 28 U.S.C. § 1915A</u>

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 2 8 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. <u>Neitzke</u>, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pled, has an arguable legal and factual basis.

A district court must construe a pro se pleading liberally to determine if it states a potentially cognizable claim. While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (citing <u>Bell Atlantic Corporation v. Twombly</u>, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Iqbal</u>, 556 U.S. at 678 (quoting <u>Twombly</u>, 550 U.S. at 570). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." <u>Id.</u> at 679. Rule 8 of the Federal Rules of Civil Procedure "requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." <u>Twombly</u>, 550 U.S. at 555 (citation and internal quotation and punctuation marks omitted).

A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. <u>See</u> <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448 (9th Cir. 1987).

B. The Fourth Amended Complaint and Pertinent State Law Background

1. Overview

Plaintiff is serving an indeterminate sentence of 25-years to life, plus eleven years, following his 2007 conviction for manufacturing controlled substances in violation of Cal. Health & Safety Code § 11379.6. ECF No. 22 at 4. The court infers that plaintiff was sentenced under California's "three strikes" law, which provides for indeterminate life sentences for non-violent offenses when an offender has two prior "serious or violent" felony convictions. See Lockyer v. Andrade, 538 U.S. 63 (2003). The complaint challenges the implementation of California's Proposition 57, which amended the state constitution to expand parole consideration for certain nonviolent offenders. Plaintiff has not received the benefit of Proposition 57, because implementing regulations adopted by the California Department of Corrections and Rehabilitation (CDCR) excluded inmates serving indeterminate sentences. Plaintiff contends that these regulations violate his federal due process rights. Plaintiff names as defendants CDCR, the Board of Parole Hearings (BPH), the California Office of Administrative Law, and various officials of these entities. ECF No. 22 at 3-4. He seeks damages and injunctive relief.

As a preliminary matter, the court finds that the complaint's parole-related claims are cognizable under 42 U.S.C. § 1983 and need not – indeed, could not – have been brought in a habeas corpus petition pursuant to 28 U.S.C. § 2254. That is because plaintiff's success on the merits would not lead to his immediate or earlier release from confinement, but would merely give him an opportunity to be considered for parole. Accordingly, the claims do not lie at the core of habeas corpus. See Prieser v. Rodriguez, 411 U.S. 475, 487 (1973) (actions that do not lie at core of habeas corpus must be brought under Section 1983); Nettles v. Grounds, 830 F.3d 922, 935 (9th Cir. 2016) (en banc) (if success on claim would not lead to petitioner's immediate or earlier release from confinement, claim does not fall within core of habeas corpus); see also Wilson v. Biter, 2018 U.S. Dist. LEXIS 106790 (E.D. Cal. June 26, 2018) (under Nettles, Proposition 57 claims may not be brought pursuant to Section 2254).

2. Proposition 57 and Implementing Regulations

California voters approved Proposition 57 in 2016. The measure added Section 32 to

Article I of California's Constitution. This provision reads, in relevant part, as follows:

> Sec. 32 (a) The following provisions are hereby enacted to enhance public safety, improve rehabilitation, and avoid the release of prisoners by federal court order, notwithstanding anything in this article or any other provision of law:
>
> (1) Parole Consideration. *Any person convicted of a nonviolent felony offense and sentenced to state prison shall be eligible for parole consideration after completing the full term for his or her primary offense.*
>
> (A) For purposes of this section only, the full term for the primary offense means the longest term of imprisonment imposed by the court for any offense, excluding the imposition of an enhancement, consecutive sentence, or alternative sentence.
>
> . . . .
>
> (b) The Department of Corrections and Rehabilitation shall adopt regulations in furtherance of these provisions, and the Secretary of the Department of Corrections and Rehabilitation shall certify that these regulations protect and enhance public safety.

Cal. Const. art. I, § 32, subd. (a)(1)(A), (b) (2016) (emphasis added).

In 2017, to implement these state constitutional directives, CDCR promulgated the regulations that plaintiff challenges, 15 Cal. Code Regs. (CCR) §§ 3490 and 3491. Section 3490 excludes from the definition of "nonviolent offenders" anyone who is incarcerated for a term of life with the possibility of parole. 15 CCR § 3490(a)(1). Section 3491, which identifies which inmates are eligible for parole consideration, states in part, "[A]n inmate is not eligible for parole consideration by the Board of Parole Hearings . . . if any of the following apply: (1) The inmate is an indeterminately-sentenced nonviolent offender as defined in section 3495." 15 CCR § 3491(b)(1).

Plaintiff was deemed an indeterminately-sentenced nonviolent offender pursuant to Section 3495. See generally § 3495(a)(1)-(7) (2018) (defining term "indeterminately-sentenced nonviolent offender"). As a result, he was ineligible for parole consideration despite the language in Article I, Section 32 of the California Constitution. ECF No. 22.

### 3. Plaintiff's Claims

The complaint alleges generally that 15 CCR § 3490 et seq., which exclude plaintiff from the benefits of Proposition 57, are unconstitutional. ECF No. 22 at 5. Much of the complaint

5

reads as a critique of the regulations on policy grounds, as a matter of California constitutional interpretation, and as unfair to plaintiff personally. See id. at 5-13.

Plaintiff sets forth eight causes of action, each of which nominally alleges a violation of federal due process. As to each purported cause of action, plaintiff recites that Article I, Section 32 of the California Constitution created a federally-protected liberty interest in consideration for parole. The First Cause of Action claims that plaintiff's attendant due process rights were violated by the use of an emergency rule-making process when there was no emergency. Plaintiff alleges that the false emergency declaration was a pretext for bias against parole and/or against inmates serving indeterminate life sentences. ECF No. 22 at 21. The Second and Third Causes of Action allege that CDCR misled the California Office of Administrative Law (OAL) regarding the regulations, and that all defendants failed in the regulatory review process to protect petitioner's rights. Id. at 21-22. The Fourth Cause of Action alleges that defendants failed to train and supervise their subordinates regarding the protection of inmate rights when drafting regulations. Id. at 22. The Fifth Cause of Action alleges that OAL "rubber-stamped" the "fraudulent" regulations without proper review. Id. at 23. The Sixth Cause of Action alleges that defendants "failed to exercise due care and exhibit a reasonable degree of skill and knowledge in protecting plaintiff's liberty interest." Id. The Seventh Cause of Action alleges that the CDCR defendants failed to provide adequate notice that a public comment period was underway, and to provide information about how to participate. Id. at 24. The Eighth Cause of Action alleges generally, and in summary fashion, that the regulations at issue are substantively unconstitutional. Id.

C. Analysis

Plaintiff contends both that (1) the challenged regulations are unconstitutional on their face because they exclude nonviolent prisoners who are serving life sentences from consideration for early parole, in violation of the plain language of the California Constitution as amended by Proposition 57, and that (2) the promulgation of CDCR's implementing regulations violated due process requirements. Neither theory supports a claim on which relief can be granted.

First, as a general matter, plaintiff's invocation of the Due Process Clause of the U.S.

Constitution does not turn a fundamentally state law issue into a federal question. See Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996) (inmate may not "transform a state law issue into a federal one merely by asserting a violation of due process"). Petitioner contends that the regulations are incompatible with the language of Article I, Section 32 of the California Constitution, and with the California voters' intent in passing Proposition 57. Interpretation of the California Constitution is a matter of California law, however, over which this court has no jurisdiction. See Mullaney v. Wilbur, 421 U.S. 684, 691 (state courts "are the ultimate expositors of state law"); see also Bailey v. Sherman, 2018 U.S. Dist. LEXIS 187542 (C.D. Cal. Sept. 28, 2018) (no federal question presented by challenge to Proposition 57) (habeas case). As explained below regarding the futility of amendment, the state courts are ably performing their function as sole arbiter of the California Constitution and implementation of Proposition 57.

Plaintiff's various challenges to the process by which the regulations were promulgated implicate the administrative law regime of California, not plaintiff's personal rights. The only procedural due process protections that are imposed by the U.S. Constitution in the parole context are the minimal procedures required when an individual inmate is considered for parole pursuant to a state-created parole regime. See Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 12 (1979) (due process requires an opportunity to be heard and a statement of reasons when eligible inmate is denied parole); Swarthout v. Cooke, 562 U.S. 216, 220, 221 (2011) (limiting federal court review of state parole decisions to question whether Greenholz is satisfied). Petitioner has no personal rights related to the state agency's rulemaking process that can be vindicated via § 1983. Indeed, it appears to the undersigned that plaintiff cannot establish a "concrete and particularized" injury from any defects in the rule-making process that would be sufficient to support standing. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992) (explaining scope of injury requirement). The injury plaintiff asserts comes from the application of the regulations to him.

All of plaintiff's claims, procedural and substantive, are predicated on the proposition that Proposition 57 created a liberty interest, protected by the Due Process Clause of the U.S. Constitution, in plaintiff's consideration for parole. It is well-established, however, that "[t]here

is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners." Swarthout, 562 U.S. at 220. Moreover, whatever liberty interest in parole is created by state law is a "*state interest*" that is not substantively enforceable in the federal courts. Id. Plaintiff's formulation of his liberty interest, and its infringement by 15 CCR 3490, assume the correctness of his construction of Article I, Section 32 of the California Constitution. However, as noted above, construction of the state constitution is beyond the scope of this court's jurisdiction.

For all these reasons, none of plaintiff's putative due process claims states a claim upon which relief can be granted, and none presents a federal question sufficient to confer jurisdiction under 28 U.S.C. § 1331.

D. The Fourth Amended Complaint Should Be Dismissed Without Leave to Amend

The complaint's failure to state a federal constitutional claim cannot be cured by the allegation of additional facts. Accordingly, amendment would be futile. See Noll, 809 F.2d at 1448; Seera v. Lappin, 600 F.3d 1191, 1200 (9th Cir. 2010) (leave to amend properly denied as futile where facts failed to establish a constitutional violation as a matter of law).

Moreover, it appears that plaintiff's claims for injunctive relief are moot. Plaintiff seeks an order enjoining implementation of the regulations and requiring their repeal. ECF No. 22 at 14. The California Court of Appeal, Second Appellate District, has recently passed on the validity of the regulations in question, and agreed with plaintiff that the regulations are void to the extent they exclude prisoners who are serving an indeterminate life sentence for a non-violent "third strike" from parole consideration under Proposition 57. In re Edwards, 26 Cal. App. 5th 1181 (2018). The Edwards court ordered the repeal of 15 CCR § 3491(b)(1). It appears that the state courts are addressing the state law matters presented by plaintiff here, and may already have required the changes that plaintiff seeks via federal court fiat. Accordingly, amendment of plaintiff's claims for injunctive relief may also be futile on mootness grounds.

As for plaintiff's claims for damages, the undersigned notes that other California district courts have granted qualified immunity to state officials on Proposition 57 claims like those presented here. See Vaught v. Kernan, 2018 U.S. Dist. LEXIS 220237 (S.D. Cal. Aug. 1, 2018);

Hughey v. Kernan, 2019 U.S. Dist. LEXIS 12621 (Report and Recommendation) (S.D. Cal. Jan. 24, 2019). These courts have found immunity proper because it was not clearly established at the time of promulgation that the regulations were constitutionally impermissible. No authority clearly established that it was unconstitutional for defendants to define "nonviolent felony offense" in a way that excludes three-strikes inmates who have, by definition, committed violent or serious offenses in the past even if their most recent commitment offense was non-violent. Defendants could also have reasonably believed that it was constitutionally permissible to conclude that inmates serving determinate terms cannot meet the Proposition 57 requirement of having completed the full term for his or her primary offense. Nothing in Edwards, supra, compels a different result, because that court's holding was based exclusively on California law. This court need not undertake a detailed examination of the qualified immunity issue, but the prospect of such immunity confirms the finding of futility.

For all these reasons, leave to amend would be futile and should not be granted.

IV. OUTSTANDING MOTIONS

Plaintiff's several motions for preliminary injunction seek orders enjoining application of 15 CCR §§ 3490-91 et seq., and/or requiring CDCR to enforce Edwards and provide plaintiff with parole consideration. See generally ECF Nos. 11, 16, 19, 23 and 24. Because the complaint must be dismissed for failure to present a federal question, these motions should be denied as moot. This court has no authority to entertain them. See Sires v. State of Wash., 314 F.2d 883, 884 (9th Cir. 1963) ("[W]here the is no underlying cause of action over which the district court has primary jurisdiction, it may not entertain an application for an injunction."). The enforcement of Edwards, along with implementation of Proposition 57 generally, is a state law matter which must be resolved in the state courts.

V. PLAIN LANGUAGE SUMMARY FOR PRO SE LITIGANT

Your challenges to the Proposition 57 regulations do not present a claim under the U.S. Constitution. Proposition 57 amended the California Constitution, and so the California courts are responsible for deciding whether the regulations are legally proper, and how Proposition 57 should be applied. The Due Process Clause of the U.S. Constitution does not turn state rights into

federal rights.  For that reason, the magistrate judge is recommending that (1) your complaint be dismissed without further amendment, and (2) your motions for injunction be denied.

## CONCLUSION

Accordingly, for all the reasons explained above, IT IS HEREBY ORDERED that:

1. Plaintiff's January 29, 2018 motion to proceed in forma pauperis, ECF No. 10, is GRANTED, and the Clerk is directed to terminate the previously-filed motion at ECF No. 2;

2. Leave to file plaintiff's Fourth Amended Complaint (ECF No. 22) is granted nunc pro tunc; and

3. Plaintiff's motion to amend the First Amended Complaint (ECF No. 12), and his motion to withdraw the ninth cause of action of the First Amended Complaint (ECF No. 13), are accordingly DENIED as moot.

IT IS FURTHER RECOMMENDED that:

1. Plaintiff's Fourth Amended Complaint, ECF No. 22, be DISMISSED for lack of subject matter jurisdiction and failure to state a claim; and

2. Plaintiff's motions for injunctive relief (ECF Nos. 11, 16, 19, 23, 24) be DENIED as moot.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 11, 2019

_/s/ Allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE